**LOCKE LORD LLP**
Nina Huerta (SBN: 229070)
*nhuerta@lockelord.com*
Simon M. Feng (SBN: 295360)
*simon.feng@lockelord.com*
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: 213-485-1500
Facsimile: 213-485-1200

Attorneys for Defendant
CALIBER HOME LOANS, INC.

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA 90071**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC D. TURNER AND RACHEL L. THOMAS-TURNER,<br><br>                    Plaintiffs,<br><br>    v.<br><br>CALIBER HOME LOANS, INC.; CLEAR RECON CORP.; AND DOES 1-10, INCLUSIVE<br><br>                    Defendants. | CASE NO. 2:17-cv-08256-JFW-E<br><br>*Hon. John F. Walter*<br><br>**AMENDED JOINT RULE 26(F) REPORT**<br><br><u>**Scheduling Conference**</u><br><br>Date: December 17, 2018<br>Time: 1:15 p.m.<br>Place: Courtroom 7A<br><br>Complaint Filed: November 13, 2017 |

Defendant Caliber Home Loans, Inc. ("Caliber") and plaintiffs Cedric D. Turner and Rachel L. Thomas-Turner ("Plaintiffs") submit this Joint Report in accordance with this Court's Order in anticipation of the Scheduling Conference set for December 17, 2018.

///

1

1    **1.     SUBJECT MATTER JURISDICTION**

2        This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

3    § 1331 because Plaintiffs brought claims against Caliber arising under laws of the

4    United States.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because

5    the property that is the subject of this action is located in this District.

6    **2.     STATEMENT OF PRINCIPAL FACTUAL ISSUES IN DISPUTE**

7        **A.     Plaintiffs' Statement.**

8        This action arrives out of the illegal conduct and behavior of Defendant Caliber

9    Home Loans, Inc., hereinafter referred to as "Caliber," pursuant to the Federal Debt

10   Collection Practices Act, hereinafter referred to as "FDCPA," engaging in illegal debt

11   collection and enforcement activities.

12       On May 16, 2007, Plaintiffs executed a Deed of Trust in favor of Countrywide

13   Home Loans, Inc., herein after referred to as "Countrywide."  Countrywide was a

14   "creditor" as defined by the FDCPA, 1*5 U.S.C. §1692a(4)*.  The transaction, as

15   defined by the FDCPA, 1*5 U.S.C. §1692a(5)* is a "debt" and hereinafter referred to as

16   a "debt" or "debt obligation".

17       Plaintiffs experienced a financial hardship which caused them to fall behind in

18   payments in December of 2007.  Unable to pay their monthly payment, in January of

19   2008, Plaintiffs defaulted on the debt obligation.  To date, the debt obligation remains

20   due for the June 1, 2013 payment.

21       On or about November 25, 2014, Defendant Caliber sent Plaintiffs a letter

22   informing them effective November 16, 2014 their former servicer Bank of America,

23   N.A., hereinafter referred to as BOFA, was transferring the servicing of their debt

24   obligation to them.  Plaintiffs allege that at the time of this purported transfer, the debt

25   obligation was contractually due for the June 1, 2013 payment.

26       On January 20, 2015, an Assignment of Deed of Trust, hereinafter referred to as

27   "ADOT" was executed that granted, assigned and transferred all beneficial interest

28   under the Deed of Trust, but not the Note, to U.S. Bank Trust, N.A., as Trustee for

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

1  LSF9 Master Participation Trust, hereinafter referred to as "U.S. Bank as Trustee for

2  the LSF9 Trust.   Plaintiffs allege that when this ADOT was executed, the debt was

3  contractually due for the June 1, 2013 payment.  Pursuant to the plain language of the

4  FDCPA, *15 U.S.C. §§1692a(6)*, Defendant Caliber was representing a  debt collector

5  and not a creditor and they themselves are a debt collector.

6        Due to non-payment on the debt obligation, Caliber attempts to collect and

7  threatens to proceed with a non-judicial action without the legal right or authority to

8  do so.  Based on Defendants' actions, Plaintiffs filed a Complaint against them on

9  November 13, 2017.

10       **B.      Caliber's Statement.**

11            **i.        Procedural History.**

12       On November 13, 2017, Plaintiff filed a Complaint in this case, challenging the

13  non-judicial foreclosure of the real property located at 2035 N. Kalsman Avenue,

14  Compton, California 90222 (the "Property").  Dkt. No. 1.  On December 7, 2017,

15  Caliber filed a Motion to Dismiss the Complaint, with a hearing date set for January 8,

16  2018.  Dkt. No. 14.  On December 27, 2017, the Court granted Caliber's Motion to

17  Dismiss without leave to amend and dismissed this action with prejudice.  Dkt. No.

18  21.  On February 8, 2018, Plaintiffs filed a Motion to Vacate Judgment of Dismissal.

19  Dkt. No. 24.  On March 20, 2018, the Motion to Vacate Judgment of Dismissal was

20  denied on the ground that Plaintiffs failed to respond to the Court's Order to Show

21  Cause issued on March 5, 2018.  Dkt. No. 32.  On April 19, 2018, Plaintiffs filed a

22  Notice of Appeal that appealed the Order Granting Caliber's Motion to Dismiss and

23  the Order Denying Plaintiffs' Motion to Vacate.  Dkt. No. 34.  On October 26, 2018,

24  the Ninth Circuit Court of Appeals issued a Memorandum that stated, the "dismissal

25  was premature because appellants' time to amend their complaint as a matter of

26  course had not yet expired."  Dkt. No. 36.  On November 19, 2018, the Ninth Circuit

27  issued its Mandate.  Dkt. No. 38.

28  ///

AMENDED JOINT RULE 26(F) REPORT
*Cedric D. Turner, et al. v. Caliber Home Loans, Inc., et al.,* Case No. 2:17-cv-08256-JFW-E

ii.      **Factual Issues In Dispute.**

There are no factual issues in dispute because there is currently no operative complaint.

**3.   STATEMENT OF DISPUTED POINTS OF LAW**

Plaintiffs believe the disputed points of law are that Caliber is a debt collector under the plain and unambiguous language of the FDCPA, 15 U.S.C. §1692f(6).  It is an undisputed fact that Caliber is a mortgage servicer that acquired the servicing of the alleged debt when it was in default and treated the debt as if it was in default.  There is no dispute Caliber is attempting to collect a debt and attempting to enforce the security interest without the legal right or authority to do so.

Caliber believes there are no disputed points of law because there is currently no operative complaint.

**4.   MOTIONS**

Caliber filed a Motion to Dismiss the Complaint on December 7, 2017, and that was granted on December 27, 2017.  Plaintiffs filed a Motion to Vacate Judgment of Dismissal on February 8, 2018, and the Court denied that on March 20, 2018.

There are no pending motions.

Plaintiffs appealed Caliber's Motion to Dismiss and their Motion to Vacate Judgment of Dismissal and the Appellate Court reversed the judgment on October 26, 2018.  Plaintiffs plan to file a Motion for Judgment on the Pleadings or a Motion for Summary Judgment.

Caliber does not anticipate on filing any motions at this time because there is no currently operative complaint.

**5.   PROPOSED DEADLINE TO AMEND PLEADINGS**

Plaintiffs propose to file an Amended Complaint by December 31, 2018.

Caliber proposes a deadline of December 24, 2018 to amend pleadings.

**6.   INITIAL DISCLOSURES**

Initial disclosures have not been completed because this matter was dismissed

4

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

with prejudice and because there is currently no operative complaint.

**7.   DISCOVERY PLAN**

Discovery has not been conducted.

Plaintiffs requests that it be allowed to advise the Court about the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan at a later date because there is currently no operative complaint.

Caliber requests that it be allowed to advise the Court about the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan at a later date because there is currently no operative complaint.

**8.   RELATED CASES**

Plaintiffs contends the following cases are not related.  They are Case No. BC709041 has been dismissed without prejudice.  Case No. BC927037 was removed to federal court and remanded back to state court.  Both cases involve violations of the California Federal Debt Collection Practices Act, hereinafter referred to as the "Rosenthal Act" and not the FDCPA.  Case No. BC719027 is presently pending.

Los Angeles County Superior Court Case No. BC719027.

Los Angeles County Superior Court Case No. BC709041.

**9.   DAMAGES**

There is currently no operative complaint.

Plaintiffs seeks damages pursuant to the FDCPA for statutory, compensatory, and punitive damages.

Caliber is not seeking damages at this point in time.

**10.   CERTIFICATION AS TO INTERESTED PARTIES OR PERSONS**

Plaintiffs there are no other interested parties or persons other than Plaintiffs.

Caliber filed its Certificate and Notice of Interested Parties on December 12, 2017.  Caliber restates the contents of its certification as follows:

5

AMENDED JOINT RULE 26(F) REPORT
*Cedric D. Turner, et al. v. Caliber Home Loans, Inc., et al.,* Case No. 2:17-cv-08256-JFW-E

The undersigned, counsel of record for Defendant, certifies that the following listed parties may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

1.    Plaintiff Cedric D. Turner;

2.    Plaintiff Rachel L. Thomas-Turner;

3.    Defendant Caliber Home Loans, Inc. f/k/a Vericrest Financial, Inc. is a Delaware corporation that is a wholly-owned subsidiary of LSF6 Service Operations, LLC. LSF6 Service Operations, LLC is a wholly-owned subsidiary of LSF6 Mid-Servicer Holdings, LLC, a Delaware limited liability company. No publicly held corporation owns 10% or more of its stock; and

4.    Defendant Clear Recon Corp.

## 11.    PRE-TRIAL DEADLINES

Plaintiffs requests that it be allowed to advise the Court about on an appropriate last date for the completion of discovery and the hearing of motions, a date for a final pretrial conference and a trial date at a later date because there is currently no operative complaint.

Caliber requests that it be allowed to advise the Court about on an appropriate last date for the completion of discovery and the hearing of motions, a date for a final pretrial conference and a trial date at a later date because there is currently no operative complaint.

## 12.    TRIAL ESTIMATE

Plaintiffs requests that it be allowed to advise the Court on whether the case will be tried to a jury or to the Court and a preliminary estimate of the time required for trial at a later date because there is currently no operative complaint.

Caliber's trial estimate is 3-5 days.

///

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

AMENDED JOINT RULE 26(F) REPORT
*Cedric D. Turner, et al. v. Caliber Home Loans, Inc., et al.*, Case No. 2:17-cv-08256-JFW-E

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

**13.    SETTLEMENT**

Plaintiffs are open to a reasonable settlement at this time.  It is not unknown to Caliber what the nature of Plaintiffs Complaint is.  Any amended Complaint would be to fix and/or cure deficiencies in Plaintiffs' Complaint.

Caliber believes that it is not fruitful to schedule a settlement conference because there is currently no operative complaint.

**14.    COMPLEX LITIGATION**

This case is not a Complex Litigation case.  As such, [Plaintiffs and] Caliber does not believe that any portion of the Manual for Complex Litigation should be utilized.

**15.    DISPOSITIVE MOTIONS**

Plaintiffs plan to file a Motion for Judgment on the Pleadings or a Motion for Summary Judgment.

Caliber requests that it be allowed to advise the Court on the dispositive motions it may likely file at a later date because there is currently no operative complaint.

**16.    OTHER ISSUES**

None.

**17.    SEVERANCE, BIFURCATION, OR OTHER ORDERING OF PROOF**

None.

Dated:  December 10, 2018                          Respectfully submitted,

                                                   **LOCKE LORD LLP**

                                                   By:_____/s/   Simon M. Feng_____
                                                         Nina Huerta
                                                         Simon M. Feng
                                                   *Attorneys for Defendant CALIBER*
                                                   *HOME LOANS, INC.*

7

1    Dated:  December 10, 2018                By:   */s/ Cedric D. Turner*
                                                        Cedric D. Turner
2                                                   *Pro Se Plaintiff*

3

4    Dated:  December 10, 2018                By:   */s/ Rachel L. Thomas-Turner*
                                                        Rachel Turner
5                                                   *Pro Se Plaintiff*

6

7

8    Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer of this joint report, Simon M. Feng,

9    attests that all signatories listed, and on whose behalf the filing is submitted, concur in

10   the filing's content and have authorized the filing.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

AMENDED JOINT RULE 26(F) REPORT
*Cedric D. Turner, et al. v. Caliber Home Loans, Inc., et al.,* Case No. 2:17-cv-08256-JFW-E

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

## <u>CERTIFICATE OF SERVICE</u>

I, Simon M. Feng, an attorney, do hereby certify that on December 10, 2018, I caused the foregoing **AMENDED JOINT RULE 26(F) REPORT** to be served through the Court's Case Management/Electronic Case Files (CM/ECF) system upon all persons and entities registered and authorized to receive such service.

I further certify that a copy was served by Federal Express and U.S. Mail on December 10, 2018 on the following:

Cedric D. Turner                                  *Plaintiffs In Pro Per*
Rachel L. Thomas-Turner
2035 N. Kalsman Avenue
Compton, California  90222
Telephone:   310.466.5433
Facsimile:    909.8993881
Email:  kamsydmom@aol.com

Dated: December 10, 2018             By:  _____/s/  Simon M. Feng_____
                                                         Simon M. Feng

AMENDED JOINT RULE 26(F) REPORT
*Cedric D. Turner, et al. v. Caliber Home Loans, Inc., et al.,* Case No. 2:17-cv-08256-JFW-E